**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER FRANKLIN, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO.  5:19-CV-00119-RWS |
| | § | |
| v. | § | |
| | § | |
| S. MCMILLAN, INDIVIDUALLY AND IN | § | |
| OFFICIAL CAPACITY, (UNIT | § | |
| GRIEVANCE INVESTIGATOR); | § | |
| | § | |
| Defendant. | § | |

## <u>ORDER</u>

Plaintiff Christopher Franklin, proceeding *pro se*, sues Grievance Investigator S. McMillan under 42 U.S.C. § 1983. This Court referred the case to United States Magistrate Judge Caroline M. Craven, who issued a Report recommending the lawsuit be dismissed for failure to state a claim. For the following reasons, that report is **ADOPTED**, and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

### I. Background

In his amended complaint, Plaintiff contends he submitted a grievance on September 7, 2017, for an incident which occurred on August 21, 2017. McMillan rejected the grievance as untimely. Plaintiff states that, under TDCJ policy, an offender has 15 days from the incident in which to file a Step One grievance, which is the first step to access to courts. Plaintiff alleges that "inhibiting the grievance is my allegation in this suit as I was ultimately inhibited access to courts."

### II. The Report of the Magistrate Judge

As noted, the Magistrate Judge recommended dismissal for failure to state a claim. She

first observed that 15 days from the date of the incident, not counting the day of the incident itself, was September 5, 2017. TDCJ policy provides that grievances will be accepted for review up to and including the first working day beyond the 15-day time limit. In this case, the first working day beyond the time limit was Wednesday, September 6. Because Plaintiff submitted his grievance on September 7, the Magistrate Judge determined that McMillan acted within his discretion in rejecting the grievance as untimely.

In any event, the Magistrate Judge concluded that Plaintiff failed to set out a constitutional claim. Although Plaintiff asserted that he was inhibited from access to courts, he did not provide any specific facts or show any harm from the alleged inhibition of access.

The Magistrate Judge stated that prisoners have a right of access to court, but a prisoner claiming denial of the right of access to court must show actual harm. *Lewis v. Casey*, 518 U.S. 343, 354 (1996). One way of satisfying this requirement is to show the prisoner was prevented from bringing a non-frivolous claim. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Minix v. Stoker*, 289 F. App'x 15, 2008 U.S. App. LEXIS 15541, 2008 WL 2796730 (5th Cir., July 21, 2008) (holding that plaintiff complaining of denial of access to court must show the defendants' actions prejudiced his position in a specific suit). Because Plaintiff failed to demonstrate that McMillan's actions prevent Plaintiff from bringing a non-frivolous claim, the Magistrate Judge determined that this allegation failed to state a claim upon which relief may be granted.

To the extent Plaintiff complained that McMillan violated grievance procedure rules, the Magistrate Judge stated that prisoners have no constitutionally protected liberty interest in the prison grievance procedure, so the fact that a grievance is not investigated or resolved to a prisoner's satisfaction does not implicate any constitutionally protected rights. *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005). Even if Grievance Investigator McMillan erred in his time

calculations, the Magistrate Judge stated such an error would not amount to a constitutional violation, and therefore, Plaintiff failed to state a claim.

### III. Plaintiff's Objections

In his objections, Plaintiff states he was unable to seek exhaustion of administrative remedies because of McMillan's miscalculation of calendar days. He maintains:

> it is not the customary practice of TDCJ policy to include weekends or holidays when calculating time in the unit of days in so many other facets of operations (disciplinary, PHD-restricted housing, mail room, etc.) In fact, the magistrate's statement is asserted in contextual error when assessed to the standard of calculating time in units of days as stipulated in Fed. Rules of Civ. Pro. TDCJ does not adhere to the same calculation in grievance policy.

Docket No. 14 at 2. Consequently, Plaintiff argues that, under TDCJ practice, fewer than 15 days had elapsed, meaning his grievance was wrongly rejected as untimely.

Plaintiff argues that the cases cited by the Magistrate Judge, including *Lewis*, are distinguishable because they concern prisoners accessing the courts with resources provided by prison officials to inmates, including illiterate or non-English speakers, while his case does not involve the sufficiency of the resources provided to permit access to court. He quotes Justice Thomas in *Lewis* as stating "this case is not about a right of 'access to courts' - instead, this case is about the extent to which the Constitution requires a state to finance or otherwise assist a prisoner's efforts to bring a suit against the State and its officers.'" *Lewis*, 518 U.S. at 365 (Thomas, J., concurring).[1]

Plaintiff states he brings his suit to court to obtain a "redress of grievance" incurred from McMillan. He claims that, because he was unable to use the grievance procedure, he suffered an

---

[1] Justice Thomas's argument was that states are not constitutionally required to finance or otherwise assist prisoners' efforts to gain access to courts, either through law libraries or other legal assistance, and whether to expend state resources to facilitate prisoner lawsuits is a question of policy which the Constitution leaves to the discretion of the states. This question is not before the Court in the present case.

immediate, First-Amendment injury. He explains,

> when the plaintiff was denied his right to utilize the grievance process due to Defendant McMillan's miscount of days, Christopher Franklin, as articulated in the amended complaint, was harmed by the clear and overt denial of his submitted I-127 [Step One grievance] form, therefore rendering his mobility [sic] towards having his circumstance resolved, consequently, immobile. This injurious error, while seemingly unintentional, was purposefully and willfully unresolved and remained forbidden to be rectified.

Plaintiff again argues that he was unable to exhaust his administrative remedies and, were it not for the refusal to allow him to attempt to resolve the issue, he would have had his property restored without undue delay and his First Amendment rights would not have been infringed. He concludes by saying "it is clear and obvious to the most basic of legal mind [sic] the conspicuous harm incurred when any person is unable to petition the courts or even attempt to resolve a matter via administrative remedy for a redress of grievance, especially as a constitutional infringement."

## III. Discussion

The TDCJ grievance policy manual, cited by the Magistrate Judge, states "when calculating the 15-day time limit, consideration should be given for the number of days grievances were not collected, such as holidays that fall during the workweek or weekends. Grievances received after that time may be returned to the offender unprocessed." *See* TEXAS DEPARTMENT OF CRIMINAL JUSTICE, ADMINISTRATIVE REVIEW & RISK MANAGEMENT DIVISION, OFFENDER GRIEVANCE OPERATIONS MANUAL at 7. Contrary to Plaintiff's contentions, there does not appear to be a rule providing that weekends and holidays do not count; rather, the language used in the manual indicates that counting such days is discretionary.

Even if McMillan did calculate the dates incorrectly, however, the Magistrate Judge properly determined such a claim did not itself set out a constitutional violation. The Fifth Circuit has stated that inmates do not have a constitutionally protected liberty interest in having grievances resolved to their satisfaction and that there is no violation of due process when prison

officials fail to do so. *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005); *see also Edmond v. Martin*, 100 F.3d 952, 1996 U.S. App. LEXIS 29268, 1996 WL 625331 (5th Cir. Oct. 2, 1996) (prisoner's claim a defendant "failed to investigate and denied his grievance" raises no constitutional issue). Plaintiff's dissatisfaction with McMillan's determination that his grievance was untimely does not implicate any constitutional rights and thus fails to state a claim upon which relief may be granted. *See Curtis v. Egan*, No. 6:17-cv-576, 2019 WL 7875057 (E.D. Tex., October 30, 2019), *report adopted at* 2020 WL 132332 (E.D. Tex., January 11, 2020) appeal dismissed). Although Plaintiff contends the allegedly improper rejection of his grievance amounts to "automatic harm," this argument fails because he has no constitutionally protected liberty interest in the grievance procedure. *See also Gomez v. Hill*, 87 F. App'x 374 (5th Cir. 2004) (rejecting contention that exhaustion of administrative remedies should be excused because a grievance was erroneously denied as untimely). This objection is without merit.

While Plaintiff does have a constitutionally protected interest in access to court, the Magistrate Judge properly concluded that demonstrating a violation of the right of access to court requires a showing of actual harm. *Christopher*, 536 U.S. at 415; *Lewis*, 518 U.S. at 354; *Mann v. Smith*, 796 F.2d 79, 83 (5th Cir. 1986). Plaintiff's attempt to distinguish the cases cited by the Magistrate Judge fails because *Christopher* made clear that whether a denial of access to courts claim involves systemic official action frustrating attempts at access to court, such as an inadequate law library, or claims that a particular civil action could not be litigated due to official misconduct, the plaintiff must show he was harmed by identifying an arguable, non-frivolous underlying claim. *See* 536 U.S. at 414. Because Plaintiff offered no facts showing he was deprived of the right to file a non-frivolous lawsuit by the allegedly improper rejection of his Step One grievance as untimely, his objection on this point is without merit.

## IV. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit.

Accordingly, Plaintiff's objections are **OVERRULED** and the Report of the Magistrate Judge (docket no. 11) is **ADOPTED** as the opinion of the District Court. It is

**ORDERED** the above-styled civil action is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. All relief not previously granted is **DENIED-AS-MOOT**. It is further

**ORDERED** the Clerk shall send a copy of this Opinion to the Administrator of the Strikes List for the Eastern District of Texas.

**So ORDERED and SIGNED this 22nd day of May, 2020.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE